Amos Moody *vs.* Inhabitants of Camden.

*Certain defects in declaration waived by pleading general issue.   Evidence.*

An objection, at the trial, made after general issue joined and the evidence closed, in an action for injury received upon a defective highway, that there is no allegation that the hearse used was suitable or safe to ride upon, and none that the injury was caused by a want of repair in the way, cannot avail, where it is alleged in the declaration that the plaintiff was driving carefully with a safe horse, and that the road was unsafe by means of drifts, in passing which plaintiff was injured.

When no question is made that the damages are excessive, if any damages are recoverable, an exception taken to the exclusion of evidence which could have a bearing only upon the amount of injury sustained becomes immaterial.

On exceptions and motion for new trial.

Case for injury received by the plaintiff March 19, 1872, by reason of a defective highway in Camden, which the defendants were bound to keep in repair.   The defect consisted of snowdrifts that had blown in and filled the road, and had become compact and dangerous.   The plaintiff was driving a hearse along this way when the fore part of the vehicle settled and pitched him out into the snow in such a manner as to severely strain his right leg and knee and otherwise injure him.   The declaration contained no allegation that the carriage was suitable and safe, and it was not specifically stated, in terms, that the accident was solely occasioned by the want of repair of the way.   The defendants went to trial on the general issue, and after the testimony was closed contended that the declaration was insufficient to sustain a verdict for the reasons above stated ; but the justice presiding ruled that the objection was not made in the proper time and manner to avail the defendants.   The evidence relating to the other point determined in the case is sufficiently stated in the opinion.   The testimony was voluminous and other objections were made during the trial, but the foregoing are all which the decision of the court

Moody *v.* Inhabitants of Camden.

fully discusses. The jury rendered a verdict of $425.83 for the plaintiff, and the defendants excepted.

*Joseph Baker* and *Geo. H. M. Barrett,* for the plaintiff.

*Gould & Moore* and *T. R. Simonton,* for defendants.

PETERS, J. The defendants contend that the declaration is insufficient, because it is not alleged that the hearse upon which the plaintiff was riding when the accident occurred was suitable and safe to ride upon, and because it is not alleged that the injury was occasioned by a want of repair in the road. There was no demurrer offered. The objections were not taken until after the general issue was pleaded and joined, and the evidence closed. The declaration alleges that there were blocking snow drifts which rendered the road unsafe and inconvenient; that the plaintiff had a safe horse harnessed to a hearse, and was necessarily passing along the road thus blocked; that he was driving with due care; that in the drifts the hearse was partly overturned and he was thrown out and injured. The allegations describe with particularity how the upsetting occurred. The declaration could have been made more formal, but as it would have been at any stage amendable, and the case was rightly understood at the trial, we think the objections, at the time and under such circumstances made, were properly overruled.

It is contended by the defendants that certain testimony by them offered was improperly excluded. A question arose at the trial, whether the plaintiff took reasonable care of himself after he was injured, or whether his injury became aggravated by his carelessness. A physician of the homœopathic school testified, that the treatment followed at a certain date subsequent to the injury was a correct one. Whereupon the defendants called as a witness a physician of the allopathic school to show the contrary, and proposed to ask him what the proper treatment would have been, if the case was as the other medical witness had stated it. This was excluded unless the latter witness should undertake to testify

what the treatment should have been according to the school of the witness first called, who had testified that the treatment of the two schools was different. How far an objection to the exclusion of the evidence offered would be available to the defendants, if material, it is unnecessary to decide. But as its admission could have had a bearing only upon the amount of injury sustained, and not upon the question whether any injury was sustained, and there is no motion to set aside the verdict as against excessive damages, and the counsel for the defendants admitted at the argument the damages to be none too large, if any were recoverable, the contest in this matter becomes entirely immaterial. It is not perceived, that in the exclusion of any other evidence offered the defendants were injuriously affected, as the matters sought to be admitted were either too remote, or were afterwards substantially admitted, or were immaterial.

The objections to the instructions and refusals to instruct are not well founded. If the requested instructions which were refused had been given, it would have been, in most instances, an assumption by the court of what were more properly considerations for the good sense and discretion of the jury.

We have doubt about the correctness of the verdict, upon the question whether the plaintiff was in the use of ordinary care, to undertake what he did under the circumstances, disclosed even in his own testimony ; and we suppose the defendants may rely more upon the motion to set aside the verdict on that account than upon the other questions submitted to us. But as the result is rather in accordance with the view more commonly accepted by juries in kindred cases, and the case is one peculiarly addressed to their good sense rather than for the opinion of the court, and the damages are evidently not excessive, we do not incline to disturb the verdict.                    *Exceptions and motion overruled.*

APPLETON, C. J. ; CUTTING, DICKERSON, DANFORTH, and VIR GIN, JJ., concurred.